IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

RAYMOJEAN D. LEE                                                                                         PLAINTIFF

v.                                                    CIVIL NO. 15-5247

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                                                           DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Raymojean D. Lee, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff protectively filed her current application for DIB on July 26, 2012, alleging an inability to work since March 12, 2012, due to protruding/bulging cervical discs with severe neck pain, a spinal cord injury, asthma, and chronic headaches. (Doc. 14, pp. 84, 186). An administrative video hearing was held on November 5, 2013, at which Plaintiff appeared with counsel and testified. (Doc. 14, pp. 47-83).

By written decision dated April 9, 2014, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Doc. 14,

p. 35). Specifically, the ALJ found Plaintiff had the following severe impairments: degenerative disc disease, asthma, and obesity. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Doc. 14, p. 36). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform sedentary work as defined in 20 CFR 404.1567(a) except she cannot climb ropes or ladders or perform overhead work.  She is able to occasionally climb ramps and stairs, crawl, stoop, kneel and crouch but must avoid moderate exposure to pulmonary irritants.

(Doc. 14, p. 36). With the help of a vocational expert, the ALJ determined Plaintiff could perform her past relevant work as a dispatcher. (Doc. 14, p. 40).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which after reviewing additional evidence submitted denied that request on August 7, 2015. (Doc. 14, p. 6). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 8). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 11, 13).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.     Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314

2

F.3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience.  See 20 C.F.R. § 404.1520.  Only

3

if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982), abrogated on other grounds by Higgins v. Apfel, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. § 404.1520.

### III.  Discussion:

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect h[er] RFC." Id.

In the present case, the ALJ determined Plaintiff is able to perform sedentary work with limitations. While there is substantial evidence of record to support the RFC that accounts for most of Plaintiff's alleged impairments, the Court questions the finding with respect to Plaintiff's alleged hearing loss. In making the RFC determination, the ALJ found Plaintiff's alleged hearing problem was not a severe impairment, and did not include any hearing

limitations in the RFC. A review of the record reveals that Plaintiff testified at the administrative hearing on November 5, 2013, that she had difficulty hearing in her right ear, and that she was working with an agency to help her obtain hearing aids for both ears. (Doc. 14, p. 80). Plaintiff further testified that with the use hearing aids she would not be able to use headphones or ear buds because she would not be able to have any pressure on her ears. Id. at 80-81.

On February 4, 2015, Plaintiff submitted evidence to the Appeals Council indicating that on November 22, 2013, she underwent an audiogram that revealed hearing loss in both ears.[1] (Doc. 14, pp. 747-749). While the Court questions Plaintiff's counsel's failure to submit this evidence to the ALJ timely, as she was Plaintiff's counsel at the administrative level, this evidence provides objective evidence supporting Plaintiff's alleged hearing loss during the relevant time period. The Court is also troubled by the fact that Plaintiff was found to be able to perform her past relevant work as a dispatcher which requires frequent hearing. See DICOT § 379.362-010 at www.westlaw.com. After reviewing the record, the Court finds remand necessary for the ALJ to more fully and fairly develop the record with respect to Plaintiff's alleged hearing impairment.

On remand, the ALJ is directed to address interrogatories to a medical professional requesting that said physician review Plaintiff's medical records; complete a RFC assessment regarding Plaintiff's capabilities during the time period in question; and give the objective basis for the opinion so that an informed decision can be made regarding Plaintiff's ability to perform

---

[1] **Error! Main Document Only.** We note we consider this evidence, as it was submitted to the Appeals Council and the Appeals Council considered it before denying review. See Riley v. Shalala, 18 F.3d 619, 622 (8th Cir. 1994).

basic work activities on a sustained basis. With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

## IV. Conclusion:

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 12th day of January, 2017.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE